Resolved,
by the Court,
unanimously, That the defendant, in this case, cannot be considered either in nature of a bail, or as a collateral undertaker, but as one of the principal debtors. From the very face of the bond that was apparent, as there was no clause or proviso in it which evinced such an intention ; the intent ought certainly to govern ; and as the bond is in the common form, joint and several, it is therefore plain shat it was the intention of the parties that both obligors should be equally liable. The addition of the word security, under the name of Kennedy, could not control or alter the absolute nature of the deed; nothing but some memorandum or agreement to that effect, could justify such a construction. Besides, this kind of addition of the word security is often added, in order to shew who is the real debtor, or the person who is to pay the money ; and this is very proper, as in many cases after the death of the parties, it would otherwise be difficult to know whether it was for a joint debt, or not. Vvith re- . , r , . . , gard to the foreclosing the mortgage, that was a matter entirely optional with the mortgagee or assignee; for wherever a man has a bond and mortgage, he may pursue *503 both at the same time, or either of them, as he thinks proper, and this, as Lord Mansfield says, has often been ruled over and over again. Doug. 401.
All the judges present.